UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. POTTS,<br><br>        Plaintiff,<br><br>    vs.<br><br>M. SOLEIMANI, et al.,<br><br>        Defendants. | **1:19-cv-01574-DAD-GSA-PC**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT EITHER:**<br><br>**(1) THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO STATE A CLAIM,**<br><br>**OR**<br><br>**(2) PLAINTIFF'S CLAIMS AGAINST DEFENDANTS DR. A. YOUSSEF AND DR. M. RIZK BE DISMISSED FROM THIS CASE FOR PLAINTIFF'S FAILURE TO STATE A CLAIM, AND PLAINTIFF'S CLAIMS AGAINST DR. JIM BENTLEY BE TRANSFERRED TO THE SACRAMENTO DIVISION OF THE EASTERN DISCTRICT OF CALIFORNIA**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS** |

**I.     BACKGROUND**

      James E. Potts ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action pursuant to 42 U.S.C. § 1983.[1]  On October 16, 2019, Plaintiff filed the Complaint

---

[1] On December 13, 2020, Plaintiff paid the $400.00 filing fee in full for this action. (ECF No. 17.)  Therefore, Plaintiff is not proceeding *in forma pauperis* in this case.

1

commencing this action in the United States District Court for the Northern District of California. (ECF No. 1.)  On October 30, 2019, the case was transferred to the Eastern District of California. (ECF No. 4.)

On February 22, 2021, the court dismissed the Complaint for failure to state a claim, with leave to amend.  (ECF No. 18.)[2]  On May 26, 2021, Plaintiff filed the First Amended Complaint, which is now before the court for screening.  28 U.S.C. § 1915.

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service,

---

[2] The United States District Court for the Northern District of California transferred the case to the Eastern District of California finding that the acts complained of in the Complaint occurred while Plaintiff was incarcerated at California State Prison Solano and Wasco State Prison, both located in the Eastern District of California.  (ECF No. 4.)

572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

**III.    SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff is a state prisoner presently incarcerated at California State Prison–Solano (CSP-Solano) in Vacaville, California. The events at issue in the First Amended Complaint allegedly occurred at Wasco State Prison (WSP) in Wasco, California and CSP-Solano, when Plaintiff was incarcerated at those two prisons in the custody of the California Department of Corrections and Rehabilitation. Plaintiff names as defendants Dr. A. Youssef, Dr. M. Rizk, and Dr. Jim Bentley (collectively, "Defendants").

Both WSP and CSP-Solano are located in the Eastern District of California. However, WSP is located in the Fresno division of the Eastern District, while CSP-Solano is located in the Sacramento division of the Eastern District.

Plaintiff allegations follow:

***Wasco State Prison (WSP)***

On or about November 28, 2016, while Plaintiff was incarcerated at WSP, he was transferred from WSP to Dignity Health Mercy Hospital where surgery was performed on his left lung for an adenocarcinoma (Stage II lung cancer). Plaintiff was informed that his cancer was caused by years of smoking tobacco.

On or about December 6, 2016, the day after the surgery, Plaintiff was transferred from Dignity Health Mercy Hospital back to WSP. For weeks, months, and years, Plaintiff continuously voiced discomfort and pain in his left lung area.

His doctor's post-surgery instructions were for Plaintiff to be given methadone, 5 mg p.o. b.i.d., Tylenol p.r.n. for pain, omeprazole 20 mg daily, and triamcinolone cream.

On June 25, 2018, Ghal Vikas (doctor/oncologist) [not a defendant] authored a final report in which he recommended further chemotherapy to reduce Plaintiff's risk of cancer recurrence. The report was sent to primary care givers Drs. A. Youssef and Magued Rizk at WSP.

Plaintiff complained about pain and discomfort to Doctors Youssef and Rizk and was prescribed a regimen of medications, but they did not stop the pain or discomfort. Plaintiff requested a second opinion, which was denied.

In February 2019, Defendants Youssef and Rizk allowed Plaintiff to be interviewed by Dr. Rodriguez, a pain specialist [not a defendant]. Dr. Rodriguez recommended that Plaintiff be treated with the medication Gabapentin, 300 mg. After years of being in pain, Plaintiff's pain was gone.

Because Plaintiff continuously complained about the course of treatment he was transferred to CSP–Solano.

### *California State Prison – Solano (CSP-Solano)*

On or about February 19, 2019, Plaintiff arrived at CSP–Solano. Plaintiff was instructed by Health Care Staff to report to the Medication window to pick up his medications. On February 20, 2019, Plaintiff reported to the Medication window and noticed that he was not given his Gabapentin. Plaintiff questioned why and was told that Dr. Jim Bentley had stopped his pain medication until he could see Plaintiff in person.

On or about March 25, 2019, Plaintiff was finally allowed to see Dr. Bentley, who told Plaintiff that as long as he was Plaintiff's doctor, Plaintiff would never receive this medication. Because of this, Dr. Bentley is a defendant in this case. Dr. Bentley failed to provide Plaintiff with a treatment plan that effectively treated his pain. Dr. Bentley was deliberately indifferent to Plaintiff's health and safety and subjected him to cruel and unusual punishment.

### *Relief Requested*

As relief, Plaintiff requests monetary damages and a jury trial.

**IV.   PLAINTIFF'S CLAIMS**

**A.   42 U.S.C. § 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

>  secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

### B.     Eighth Amendment Medical Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference."  Id. (citing McGuckin, 974 F.2d at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care."  Id. Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs.  McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the

facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." Id. at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." Id. (citing Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990)).

"A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

To state a medical claim against a defendant, Plaintiff must show that the defendant knew about an excessive risk of harm to Plaintiff but ignored the risk or otherwise acted unreasonably, causing harm to Plaintiff.

### *Defendants Dr. A. Yousef and Dr. M. Rizk*

Defendants Drs. A. Yousef and M. Rizk were Plaintiff's primary care doctors at WSP. Plaintiff alleges that when he returned to WSP after surgery in 2016, he personally told Dr. Youssef and Dr. Rizk that he was in pain or discomfort and questioned the course of treatment that he was receiving. Defendants Yousef and Rizk offered Plaintiff a regimen of drugs that never worked. In February 2019, defendants Yousef and Rizk allowed Plaintiff to be interviewed by a pain specialist, Dr. Rodriguez. Dr. Rodriguez recommended that Plaintiff be treated with the medication Gabapentin. Plaintiff alleges that after taking Gabapentin his pain was gone. On or about February 19, 2019, Plaintiff was transferred to CSP-Solano.

### *Defendant Dr. Bentley*

Defendant Dr. Bentley was a doctor at CSP-Solano when Plaintiff was incarcerated there.

Plaintiff arrived at CSP-Solano on February 19, 2019. The next day he went to pick up his medications and was told that Dr. Bentley had stopped Plaintiff's Gabapentin medication until he could meet with Plaintiff in person. When Plaintiff met with Dr. Bentley, the doctor told Plaintiff that as long as he was Plaintiff's doctor Plaintiff would never receive Gabapentin. Plaintiff alleges that Dr. Bentley failed to provide Plaintiff with a treatment plan that effectively treated his pain.

### *Discussion*

Plaintiff's factual allegations against the Defendants do not show that any of the Defendants acted unreasonably in their treatment of Plaintiff in violation of the Eighth Amendment. Plaintiff alleges that Dr. Yousef and Dr. Rizk treated him with medications that did not work, yet over time they did refer him to a pain specialist who prescribed what Plaintiff states was an effective medication. These facts alone however do not establish that either Dr. Yousef or Dr. Rizk consciously ignored a serious risk to Plaintiff's health without attempting to ameliorate the risk. Both doctors prescribed pain medication, however in Plaintiff's opinion the medications prescribed by the pain specialist was a better treatment.

Likewise, Plaintiff's allegations are too factually insufficient and conclusory to suggest, other than by speculation, that Dr. Bentley also ignored an excessive risk to Plaintiff by improperly failing to treat him for his complaints of ongoing pain, thus causing him harm. In this regard, Plaintiff does not allege that he was given no medication for pain by Dr. Bentley, only that he was not given his desired medication. Importantly here, Plaintiff alleges that Dr. Bentley either failed or refused to provide Plaintiff with a treatment plan that effectively treated him for pain. At most then, Plaintiff offers only a difference of opinion with Dr. Bentley, which at most may constitute a claim for negligence which is not actionable in this § 1983 action.

Thus, the court finds that Plaintiff fails to state any medical claims against any of the Defendants in violation of the Eighth Amendment.

**C.   Venue**

Under 28 U.S.C. § 1391(b), a civil action, other than one based on diversity jurisdiction, may be brought only in "(1) a judicial district where any defendant resides, if all defendants

reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Local Rule 120(f) provides that "[w]henever in any action the court finds . . . that the action has not been commenced in the proper court in accordance with this Rule, or for other good cause, the Court may transfer the action to another venue within the District."

Here, this case was transferred to the Fresno division of the United States District Court for the Eastern District of California. Venue for Plaintiff's claims against two of defendants, Dr. Youssef and Dr. Rizk is found in the Fresno division, but venue for the third defendant, Dr. Bentley, is found in the Sacramento division of the Eastern District. Under the provisions cited above, it is not mandatory for the Court to transfer a civil action from one division of a District to another division of a District where it should have been brought. Therefore, in this case, the Court *may*, for good cause, transfer the claims against Dr. Bentley to the Sacramento division of the Eastern District. However, the Court *may* instead decide to keep all of the claims together and proceed with all of Plaintiff's claims in the Fresno division.

Therefore, it shall be recommend that either (1) all of Plaintiff's claims in this case be dismissed for failure to state a claim, or that (2) Plaintiff's claims against Dr. Yousef and Dr. Rizk be dismissed from this case for failure to state a claim, and Plaintiff's claims against Dr. Bentley be transferred to the Sacramento division for further proceedings. In either case, it shall be recommended that Plaintiff's case in the Fresno division be dismissed for failure to state a claim and closed.

## V.    CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims against any of the Defendants. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires." Plaintiff shall be granted

leave file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Here, the court previously granted Plaintiff leave to amend the complaint, with ample guidance by the court, and Plaintiff has not stated any claims upon which relief may be granted under § 1983. The court is persuaded that Plaintiff is unable to allege any facts, based upon the circumstances he challenges, that would state a cognizable claim under section 1983. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). The court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, **IT IS HEREBY RECOMMENDED** that **either**:

1. This case be dismissed for Plaintiff's failure to state a claim, **and**

    The Clerk be directed to close this case;

    **or**

2. Plaintiff's claims against Dr. Yousef and Dr. Rizk be dismissed from this case for failure to state a claim,

    Plaintiff's claims against Dr. Bentley be transferred to the Sacramento division for further proceedings, **and**

    The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**October 20, 2021**__          **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE