IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. POTTS,<br><br>    Plaintiff,<br><br>    v.<br><br>BENTLEY,<br><br>    Defendant. | No. 2:22-CV-0628-TLN-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's third amended complaint, ECF No. 42.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

1

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  BACKGROUND

### A.  Procedural History

This action was initiated with a pro se complaint filed in the Fresno Division of this Court on October 16, 2019.  See ECF No. 1.  On April 8, 2022, the action was transferred to the Sacramento Division and assigned to the undersigned.  See ECF No. 26.  Pursuant to the April 8, 2022, order, Plaintiff filed his second amended complaint on July 20, 2022.  See ECF No. 37.  Thereafter, the Court dismissed the second amended complaint with leave to amend.  See ECF No. 39.  Specifically, the Court stated:

> Potts alleges that Dr. Bentley replaced effective pain medication prescribed by a pain specialist with ineffective pain medication. ECF No. 37 at 8. Potts was kept on the ineffective pain medication despite meeting with Dr. Bentley multiple times and complaining that the new medication was not working for him. Id. at 9. The claim cannot survive unless Potts pleads facts that show that the alternative medical prescribed by Dr. Bentley was both medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to his health. Potts' and the pain specialist's mere disagreement with the medication prescribed by Dr. Bentley is insufficient. Plaintiff will be provided an additional opportunity to amend.

ECF No. 39, pg. 4.

Plaintiff timely filed his third amended complaint on October 19, 2023.  See ECF No. 42.

/ / /
/ / /
/ / /
/ / /
/ / /

B.  **Plaintiff's Allegations**

As with the second amended complaint, Plaintiff continues to name Doctor Jim Bentley ("Defendant") as the sole defendant. See id. at 7-8. Plaintiff alleges two claims for relief, both of which proceed under the same operative set of facts. See id. at 7-12.

In both Claims I and II, Plaintiff makes identical statements in support of his claims. See id. at 7,12. In 2016, Plaintiff had surgery to remove a tumor from his lung and claims to have suffered chronic pain related to that surgery in the following years. See id. at 7. Plaintiff claims to have met with a Dr. Rodriguez on February 17, 2019. See id. At this meeting, Dr. Rodriguez prescribed Gabapentin, which Plaintiff claims relieved him of the chronic pain. See id. On February 19, 2019, Plaintiff was transferred to California State Prison – Solano. See id. On the following day, Plaintiff was informed that Defendant had reviewed Plaintiff's file and discontinued his prescription for Gabapentin. See id. Plaintiff was later prescribed an alternative medication to handle his pain but claims that the alternative was ineffective in managing his chronic pain. See id. at 8. Plaintiff claims to have expressed his continued pain to Defendant in their later meetings. See id.

## II.  DISCUSSION

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2)

3

subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not generally give rise to an Eighth Amendment claim. See Jackson v.

1  McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  However, a claim involving alternate courses of
2  treatment may succeed where the plaintiff shows: (1) the chosen course of treatment was
3  medically unacceptable under the circumstances; and (2) the alternative treatment was chosen in
4  conscious disregard of an excessive risk to the prisoner's health.  See Toguchi v. Chung, 391 F.3d
5  1051, 1058 (9th Cir. 2004).

6  In the Court's prior order, Plaintiff was informed that his claim against Defendant
7  Bentley based on an alternate course of treatment cannot proceed unless Plaintiff alleges facts
8  showing both that the chosen course of treatment is medically unacceptable, and the alternative
9  treatment was chosen in conscious disregard of an excessive risk to Plaintiff's health.  See ECF
10 No. 39, pg. 4.  In the pending third amended complaint, Plaintiff continues to fail to plead these
11 essential facts.  As currently pleaded, Plaintiff's claim amounts to nothing more than a difference
12 of medical opinion concerning the appropriate medication, which is not cognizable.  See Jackson,
13 90 F.3d at 332.

14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint further, Plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that this action be dismissed for failure to state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 15, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE